# REPORTS.

## CARROLL,

### DECEMBER TERM, A. D. 1853.

---

## WILKINSON *v.* ALBANY.

Under a charge against a town for " visits and medicines," for a family ill with the small pox, the plaintiff cannot recover compensation for vaccinating the members of the family.

A family, in the town of Albany, being ill with the small pox, but not being paupers, the selectmen requested the plaintiff to render the family his professional services during the continuance of the disease, and to take the best care of them he could, and to vaccinate them, all of which he accordingly did. *Held,* that the selectmen could not make the town liable for the professional services of the plaintiff, as the family were not paupers, but that he was entitled to recover a reasonable compensation for his services in vaccinating them.

ASSUMPSIT, on an account annexed to the writ, amounting to the sum of $60. There were ten items in the account, running from July 28th, 1850, to August 22d of the same year. The account was headed as follows: " To sundry visits and medicines for James Ham's family, sick with the small pox;" and the items were all alike, being, in each instance, " To visit and medicine, $6,00."

The writ was dated April 16th, 1852, and contained but the one count above stated. The plea was the general issue.

VOL. XXVIII.     2

Albany *v.* Wilkinson.

It appeared on the trial that the family of Ham was taken sick with the small pox, on the 28th of July, 1850, and that Ham called on the plaintiff, who was a physician, to attend them. The plaintiff went accordingly, and on the next day he saw the selectmen of Albany, who requested him to render the family his professional services during the continuance of the disease, and to take the best care of them he could, and to vaccinate them. It appeared that the plaintiff thereupon vaccinated the members of the family several times, and attended upon them and treated them for the small pox till the disease was extinct, and the charges for the services performed were reasonable.

It appeared further that Ham and his family all had a settlement in Albany, and that the sickness was in that town. But it also appeared that none of them were paupers.

The defendants contended that inasmuch as Ham and his family were not paupers, the town was not liable, in any form of action, for any of the services rendered, unless it might be for the vaccination. That they could not be liable in this action for the vaccination, because there was no count in the writ for such services, the charges being simply for visits and medicine.

The plaintiff contended that there was a special employment on the part of the agents of the town to perform the services, and that he performed them accordingly, and charged them to the town.

He also moved to amend his writ, if the court should be of opinion that he could recover only for the vaccination, and should also be of opinion that his writ was insufficient to recover for that.

A verdict was taken by consent for the defendant, on which judgment is to be entered, if the court shall be of opinion that the action cannot, in any event, be sustained against the town. But if the court should be of opinion that the plaintiff is entitled to recover for the whole services

rendered, then the verdict is to be set aside and a new trial granted. Or if the court should be of opinion that the plaintiff can recover only for the vaccination and that the writ is insufficient, then the writ is to be amended or not, upon such terms as the court may decide, according as the opinion of the court may be upon the motion; and if leave be granted to move to amend the writ, then also is the verdict to be set aside.

*Hall*, for the plaintiff.

*Eastman*, for the defendant.

GILCHRIST, C. J.   It is provided by chapter 120, section 1 of the Revised Statutes, that any town may appoint an agent for vaccination, who may vaccinate all persons at the expense of the town, who have not had the small pox, and shall receive a suitable compensation therefor, to be paid by the selectmen.

The family of Ham were not paupers, and the town was under no obligation to provide general medical attendance for them. Whatever the selectmen did was in their official capacity, and as the town was not liable, the selectmen could not, by their undertaking, make them so. For the general medical services, therefore, rendered by the plaintiff to the family of Ham, the town is not liable.

But the plaintiff is entitled to recover of the town for his professional services in vaccinating the family of Ham. The statute does not go upon the ground that the persons who are ill with the small pox must be paupers. After the interview between the plaintiff and the selectmen, the former may be regarded as the agent of the town, for the purpose of vaccinating such persons as might require it, and may recover a reasonable compensation for that service. But he cannot recover under the count in the writ, for vaccination is neither under the head of " visits " nor of " medicine."

The plaintiff, however, may have leave to move to amend his writ in the common pleas, by inserting a new count.

It does not appear what would be a reasonable compensation for vaccinating these persons. The case gives us no information on that point, and for the purpose of having the matter inquired into by the jury, the case should be discharged, and a new trial had.

*Verdict set aside.*